UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA         :
                                 :          **ORDER**
v.                               :
                                 :          13 CR 625 (VB)
HAKIM ANDERSON,                  :          19 CR 771 (VB)
                    Defendant.   :
--------------------------------------------------------x

By letter from his counsel dated March 24, 2020, defendant Hakim Anderson seeks release on bail pending further proceedings in his violation of supervised release ("VOSR") matter (13 CR 625), and pending trial on the current indictment (19 CR 771). On February 7, 2020, after hearing argument from both the government and defense counsel, Magistrate Judge Davison detained defendant pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a) on the VOSR matter—because defendant had not carried his burden of establishing by clear and convincing evidence that he would not flee or pose a danger to any other person or the community. The magistrate judge also observed that the conditions of release proffered by defense counsel did not overcome the statutory presumption under 18 U.S.C. § 3142 that no condition or combination of conditions would reasonably assure the safety of any other person or the community if defendant was released.

The pertinent facts are as follows: In 2014, defendant was convicted of conspiring to distribute crack cocaine and sentenced to five years in prison and four years of supervised release.[1] At sentencing, defendant promised the Court he would never commit another crime. (13cr625, Doc. #55-2). In October 2019, while on supervised release for the 2014 conviction,

---

[1] According to the presentence report submitted in connection with that sentencing, defendant also has three other prior convictions, for drug possession, driving while ability impaired by alcohol, and criminal possession of a weapon.

defendant was arrested, and later indicted, for the same crime—conspiring to distribute crack cocaine. According to the complaint in the 2019 case, law enforcement officers both surveilled and recorded defendant selling crack cocaine to a confidential informant on two separate occasions. If convicted, defendant again faces a mandatory minimum sentence of five years in prison. The VOSR matter is based principally on the conduct underlying the 2019 arrest.

Invoking 18 U.S.C. § 3142(i), which permits the temporary release of a detained person in the custody of a United States marshal or other appropriate person, if the Court "determines such release to be necessary for preparation of the person's defense or for another compelling reason." The "compelling reason" cited by defense counsel is that defendant is at "high risk" of contracting COVID-19. In his lengthy submission, however, counsel does not provide any evidence that defendant is at high risk of contracting the disease other than that he is incarcerated at the Westchester County Jail in Valhalla, New York. Defendant presents no evidence that any inmates at Valhalla have contracted the disease or that the facility is incapable of containing its spread. Moreover, defendant is a healthy 40-year old man, with no unusual medical conditions that put him at high risk of becoming seriously ill if he did contract the disease. Thus, the Court finds defendant has not shown a reason, let alone a compelling reason, why he should be released.

In any event, Section 3142(i), which applies to defendants detained pending trial, does not apply to a defendant who has been detained under Rule 32.1(a)(6) and Section 3143(a). Moreover, given defendant's prior conviction for narcotics trafficking, for which he was sentenced to a lengthy prison term; the fact that there is strong evidence he recently committed the same crime that got him locked up in the previous case, contrary to the promise he made to this Court; and the fact that he engaged in narcotics trafficking while under the supervision of a

probation officer of this Court, it is clear, as Judge Davison found (and this Court agrees), "defendant's actions speak louder than words." Put another way, this evidence demonstrates that defendant cannot be trusted to conduct himself in a law-abiding manner if released, no matter what the conditions of release. Upon de novo review, this Court agrees with Judge Davison that defendant has not carried his burden of showing by clear and convincing evidence that he will not flee or pose a danger to another person or the community. Based on this record, the Court also agrees with Judge Davison that defendant has not overcome the statutory presumption of detention in Section 3142.

Defendant's application for release on bail is DENIED. In addition, having fully considered defense counsel's comprehensive submission, and given the foregoing record, a further bail hearing would serve no purpose.

However, the Court will conduct a pretrial conference on **March 30, 2020, at 10:00 a.m.** All counsel shall attend by teleconference. Under the current circumstances in which the movement of prisoners between detention facilities and the courthouse is severely restricted for the health and safety of prisoners, U.S. Marshals, and courthouse personnel, and given that the conference is a routine status conference at which only the scheduling of further proceedings will be discussed, the Court finds that defendant's appearance is not required. See Fed. R. Crim. P. 43(b)(3). At the time of the conference, all counsel shall call the following number and enter the access code when requested:

**Dial-In Number**: (888) 363-4749 (toll free) or (215) 446-3662. **Access Code**: 1703567

Dated: March 27, 2020          SO ORDERED:
     White Plains, NY

_____
Vincent L. Briccetti, U.S.D.J.