UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

HAKIM ANDERSON,
                          Defendant.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

19 CR 771 (VB)

By motion dated December 19, 2022, defendant Hakim Anderson seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). According to Anderson, based on newly promulgated Department of Justice ("DOJ") policies regarding charging, plea bargaining, and sentencing in drug cases, he would have received a lesser sentence today than he did at the time he was sentenced, which he says constitutes an extraordinary and compelling reason warranting his early release. The government opposed the motion, and Anderson filed a reply.

For the reasons set forth below, the motion is DENIED.

On March 8, 2021, Anderson pleaded guilty to conspiracy to distribute and possess with intent to distribute crack cocaine, arising out of a series of controlled drug buys in September 2019, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and 846. Anderson committed the offense while on supervised release following a 2014 conviction for the same offense. He has been in custody since his arrest on October 3, 2019.

Based on the quantity of crack cocaine involved in the offense (between 28 and 112 grams) and his criminal history, Anderson's sentencing range under the Sentencing Guidelines would have been 46-57 months' imprisonment, except that the mandatory minimum sentence under Section 841(b)(1)(B) was five years. Thus, the sentencing range was 60 months.

On July 15, 2021, after considering all the statutory factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Anderson to the mandatory minimum sentence of 60 months'

1

imprisonment, the same sentence he received on his 2014 conviction. The Court also sentenced him to three months' imprisonment for violating supervised release, to run consecutively to the 60-month sentence in the instant case.

To date, Anderson has served approximately 40 months of his 60-month sentence, or about two-thirds of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant can move for such relief (often referred to as a "compassionate release motion") only after fully exhausting his administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring such a motion on his behalf, or after the "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id.

With respect to the exhaustion requirement, the government concedes Anderson has twice filed for compassionate release with the BOP. Anderson's first motion—based on his medical conditions and the COVID-19 pandemic—was denied and his appeal was denied. His second motion, filed November 2, 2022, was also denied, but Anderson did not appeal. The government therefore contends Anderson did not administratively exhaust his current claim, and thus the instant motion should be denied. Arguably, Anderson failed to fully exhaust his administrative rights, and the instant motion can be denied on that basis alone. Having said that, the Court will address the merits of the motion so as to avoid the need for Anderson to re-file his motion, and because it is clear the motion must be denied on the merits in any event.

Anderson has not met his burden to show that extraordinary and compelling reasons warrant a reduction of sentence.

First, although it is true that when considering a compassionate release motion, the Court is permitted to find that a disparity between a defendant's actual sentence and what the sentence would be today under current law constitutes an extraordinary and compelling circumstance, see United States v. Campbell, 2022 WL 199954, at *2 (2d Cir. Jan. 24, 2022) (summary order), the newly promulgated DOJ charging and sentencing policy does not constitute a change in sentencing law.  The new policy, as reflected in a December 16, 2022, memorandum from the Attorney General to all federal prosecutors (the "Garland Memo"), provides guidance for when prosecutors should seek statutory mandatory minimum sentences in drug cases, including crack cocaine cases.  But, contrary to Anderson's assertion, the new policy does not forbid prosecutors from seeking mandatory minimum sentences in crack cocaine cases.  And it explicitly states it is "not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States."  (Defendant's motion, Ex. A at 5 n.4).

Moreover, the same five-year mandatory minimum sentence for violation of Section 841(b)(1)(B) that was in place at the time of Anderson's offense and conviction is in place today.  And there is no basis in the record or otherwise to believe the U.S. Attorney's Office would make a different discretionary charging decision today—i.e., a more favorable plea offer—in light of the Garland Memo, especially given that Anderson has a recent prior conviction for the same offense.  Nor will this Court speculate as to what charging decision would be made today.

In short, the fact that the Garland Memo sets forth new charging and sentencing policies with respect to mandatory minimum drug offenses does not constitute an extraordinary or

3

compelling reason warranting a reduction of Anderson's lawfully-imposed 60-month prison sentence.

Finally, as required by Section 3582(c)(1)(A), the Court has also considered the Section 3553(a) factors "to the extent that they are applicable." The serious nature of the offense—involvement in a conspiracy that distributed significant quantities of crack cocaine—as well as Anderson's prior criminal history, which included the exact same offense and the commission of the instant offense while on supervised release for the prior offense, clearly warranted the 60-month sentence at the time it was imposed. The sentence was designed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. These factors—in particular, deterrence and protection of the public—all weigh strongly against Anderson's early release from prison, especially considering he is a recidivist drug dealer.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this memorandum opinion and order to defendant at the following address:

> Hakim Anderson, Reg. No. 68350-054
> USP Lewisburg
> U.S. Penitentiary
> Satellite Camp
> P.O. Box 2000
> Lewisburg, PA  17837

Dated: January 26, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge